1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MONTE HOISINGTON, *et al*,

          Plaintiffs,

   v.

HENRY RICHARDS, *et al*,

          Defendants.

Case No.  C05-5281RJB

REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Noted for June 17, 2005

     This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiffs are residents at the Washington State Department of Social and Health Services' ("DSHS") Special Commitment Center ("SCC").  They have filed a joint civil rights complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*.  To file a complaint and initiate legal proceedings, each plaintiff must pay a filing fee of $250.00 or file a proper application to proceed *in forma pauperis*.  Because the record indicates that each plaintiff has sufficient funds with which to pay the filing fee, the undersigned recommends the court deny their motion.

DISCUSSION

     The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper

REPORT AND RECOMMENDATION
Page - 1

affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

By requesting the court to proceed *in forma pauperis*, plaintiff is asking the government to incur the court filing fee because he is allegedly unable to afford the costs necessary to proceed with his civil rights action. On April 18, 2005, the clerk received plaintiffs' complaint, a bank check in the amount of $127.50 from plaintiff Monte Hoisington as half payment of the court filing fee, and a bank check in the amount of $127.50 from plaintiff Douglass Ray Higgins as half payment of the court filing fee.. (Dkt. #1, #4, #5). In letters, dated April 28, 2005, the clerk informed plaintiffs they needed to submit either the full filing fee or file an application to proceed *in forma pauperis*. (Dkt. #2-#3). In letters, dated April 29, 2005, the clerk returned the two bank checks submitted by plaintiffs, informing them they had over paid the court filing fee, and must submit the correct filing fee amount of $250.00. (Dkt. #4-#5).

On May 6, 2005, plaintiffs submitted an motion for leave to proceed *in forma pauperis*, along with affidavits in support of their motion. (Dkt. #6-#9). In his affidavit, Mr. Hoisington states he is presently employed as a Maintenance helper, working 20 hours per week at a wage of $7.16 per hour (for a total of $143.20 per week). Mr. Hoisington further states he has no other financial resources or property and no dependants. In his affidavit, Mr. Higgins also states he is presently employed as a Maintenance helper, working 20 hours per week at a wage of $7.16 per hour (for a total of $143.20 per week). Mr. Higgins further states he has no other financial resources or property. He does, however, have a wife and step son, who he states are dependant upon him for support.

Each plaintiff appears to have access to sufficient funds with which to pay the court filing fee. As noted above, each plaintiff initially submitted checks to the court in a combined amount that was greater than the required filing fee. Those checks were returned only because persons desiring to initiate a civil action are required to submit the correct filing fee (i.e., $250.00). In addition, also as noted above, each plaintiff earns $143.20 per week. Although Mr. Higgins states there are others dependent on him for support, he does not indicate to what extent they are dependent on him. Further, the fact that he initially submitted a check for an amount greater than half of the filing fee, itself indicates he has the ability to pay at least a significant portion of that fee.

REPORT AND RECOMMENDATION
Page - 2

Finally, the court notes that plaintiffs are seeking to file a joint complaint in this matter. This type of case, however, is inappropriate to be brought by more than one plaintiff. The facts necessary to allege plaintiffs' claims of violations of due process are specific to each individual plaintiff. Thus, only Mr. Hoisington should be allowed to proceed with this matter under the above cause number. In addition, Mr. Higgins should be ordered to file an amended complaint under a different cause number, naming only himself as plaintiff.

## CONCLUSION

Because each plaintiff appears to have access to sufficient funds with which to pay the filing fee, the undersigned recommends that the court deny their motion to proceed *in forma pauperis*. Further, the undersigned recommends that the court allow only Mr. Hoisington to proceed with this matter under the above cause number, and that the court order Mr. Higgins to file an amended complaint under a different cause number, naming only himself as plaintiff, along with the required $250.00 filing fee. Accordingly, the undersigned also recommends that the court dismiss this complaint unless Mr. Hoisington pays the required $250.00 filing fee **within thirty (30) days** of the court's order.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **June 17, 2005**, as noted in the caption.

Dated this 23rd day of May, 2005.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge